**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAGALY GUADALUPE MORALES-CALDERON,

           Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

           Respondent.

No.   18-71223

Agency No. A209-285-746

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019[**]

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Magaly Guadalupe Morales-Calderon, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") denial of her motion to reconsider the denial of her motion to reopen proceedings conducted in absentia.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of motions to reopen or reconsider, and review de novo questions of law.  *Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir. 2015).  We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Morales-Calderon's motion to reconsider, where she did not identify any errors of law or fact in the IJ's denial of her motion to reopen.  *See* 8 C.F.R. § 1003.23(b)(2) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the [IJ]'s prior decision and shall be supported by pertinent authority.").

To the extent the IJ erred in not considering the evidence Morales-Calderon attached to her motion to reconsider, any error was rendered harmless by the BIA also construing the motion to reconsider as a second motion to reopen based on newly submitted evidence.  *See Singh v. Holder*, 591 F.3d 1190, 1199 (9th Cir. 2010) (any error by the IJ was rendered harmless by the BIA's de novo review of the issue).  Morales-Calderon has not raised, and therefore waives, any challenge to the BIA's denial of the motion, construed as a second motion to reopen, as number-barred.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

We lack jurisdiction to review the agency's denial of sua sponte reopening, where Morales-Calderon has not raised a claim of legal or constitutional error

underlying the agency's decision.  *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**